IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| *IN RE:* **ARCH INSURANCE COMPANY,** § <br> *PLAINTIFF* § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:20-cv-36 |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**Preamble: Nature of action**

1. This lawsuit is brought pursuant to Plaintiff's right to due process and seeks to enforce the administrative remedy of the Texas Workers Compensation bar as the facts apply to this specific claim. This action seeking a declaratory judgment is an ancillary action[1] to Cause No. 17-10-22180-CVR, styled *Rita and Cristobal Candelario v. Anadarko Petroleum Corporation, Western Gas Partners, LP d/b/a Delaware Basin Midstream, LLC*[2] *and "John Doe"*[3] ("Anadarko") filed in the 143rd Judicial District Court of Reeves County, Texas, a claim for bodily injuries. Plaintiff seeks a declaration as to a contract between independent contractor Guard 1 Services, LLC ("Guard 1"), Defendant Rita Candelario's employer, and Anadarko, the

---

[1] An Ancillary proceeding is a proceeding that compliments a proceeding that is in another court or a proceeding that is subordinate and secondary to another action. Blacks Law Dictionary, Second Edition (2014)

[2] Anadarko Petroleum Company sold substantially all of its remaining midstream assets to Western Gas Partners, LP d/b/a Delaware Basin Midstream, LLC. For purposes of this litigation, these named entities stand in the same shoes as Anadarko with respect to the Arch policies and, as explained further herein, are not affected by any declaration herein, are thus not parties to this action and will be referred to collectively herein as "Anadarko."

[3] "John Doe" is identified as "an unknown employee of Anadarko," *et al* per "Plaintiff's 1st Amended Original Petition" in the state court bodily injury matter. The date of loss in the underlying bodily injury claim is December 3, 2015 and service has never been effectuated on such party. Not only has the statute of limitations run but "John Doe" stands in the same shoes as Anadarko with respect to the Arch policies and, as explained further herein, is not affected by any declaration herein, is thus not a party to this action and will also be joined collectively herein as "Anadarko."

general contractor, the reciprocal agreement to provide Workers' Compensation coverage in the event of injury, and liability coverage through a Commercial General Liability policy (CGL). Arch Insurance Company ("Arch"), provided a CGL policy to Guard 1 to satisfy the insurance requirements of the contract between Guard 1 and Anandarko, and Anandarko has demanded that Arch defend and indemnify Anandarko under its CGL policy in regard to Candelario's claim.[4] Accordingly, Arch will be directly affected by a determination as to whether Anadarko is a dual employer under the facts herein and Candelario is a borrowed servant[5] based on the contract and collateral evidence developed in the bodily injury claim such that the administrative remedy of the Workers' Compensation bars Defendants' recovery therefrom on their liability claims.

**Jurisdiction and venue**

2. This Court has original subject matter jurisdiction in that this matter in controversy exceeds $75,000[6], exclusive of interest and costs, and involves complete diversity of citizenship[7].

---

[4] And is thus the 3rd party payor for any liability claims recovered by Defendants against Anadarko.

[5] The terms "borrowed employee" and "borrowed servant" have been used by the courts to describe situations where a person who is in an employment relationship with one employer is "loaned" to another employer to perform services for that employer for a particular time period or purpose. Generally, where a person is found to be a borrowed employee, his legal status will be the same as a regular employee of the borrowing employer. Importantly, the borrowing employer will also be treated as an employer for purposes of applying the exclusive remedy provisions of the Worker's Compensation Act. *Western Steel Co., Inc. v. Altenburg,* 169 S.W.3d 347, 350 (Tex.App.-Corpus Christi 2005), *rev'd on other grounds*, 206 S.W.3d 121 (Tex. 2006).

[6] A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and involves complete diversity of citizenship. 28 U.S.C. §§1331, 1332. In federal court, the burden of establishing subject matter jurisdiction rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see also *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), 516 U.S. Case 3:05-cv-00427-865 (1995). As diversity of citizenship is not in dispute, the only question for the court is whether the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Greenberg*, 134 F.3d at 1253; *De Aguilar*, 47 F.3d at 1408. In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1412. "The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar,* 47 F.3d at 1412 (original emphasis). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). As the Fifth Circuit has stated, "[t]he

28 U.S.C §§ 1331, 1332.  *See*, Exhibit "1," (Plaintiffs'[Defendants herein]1ˢᵗ Amended Original Petition in Cause No. 17-10-22180-CVR, styled *Rita and Cristobal Candelario v. Western Gas Partners, et al)*, attached hereto and incorporated by reference herein (the "State Action").[8]

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(d)(6) and 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Reeves County, Texas.

**Parties**

*Plaintiff*

4. Plaintiff, ARCH INSURANCE COMPANY ("ARCH") is a Missouri corporation with its principal place of business in Jersey City, New Jersey.

*Defendants*

5. Defendant, RITA CANDELARIO, is an individual and may be served with process at her residence located at 111 South Papago, Space 4, Springerville, Arizona 85938.

6. Defendant, CRISTOBAL CANDELARIO, is an individual and may be served with process at his residence located at 111 South Papago, Space 4, Springerville, Arizona

---

district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. In an action for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); see also *St. Paul Reinsurance*, 134 F.3d at 1252-53 (*quoting Leininger v.Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)) ("The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."). The Fifth Circuit for the most part adheres to a plaintiff-perspective point of view. See *St. Paul Reinsurance*, 134 F.3d at 1253; *Alfonso v. Hillsborough County Aviation Auth*., 308 F.2d 724, 727 (5th Cir. 1962) ("[t]he value to the plaintiff of the right to be enforce or protected determines the amount in controversy.").

[7] Per Plaintiffs' First Amended Petition at p.2, para 3.2, 3,3: "Plaintiffs in good faith plead[s] that the value of this case is over one hundred thousand dollars ($100,000.00)."

[8] Unlike the bodily injury claim, the necessary parties to this action for declaratory judgment "must include any party affected by the outcome of the dec action"; that is, Arch (the potential payor if the bar does not apply) and Defendants (who seek recovery for liability beyond their recovery from Workers' Compensation). Texas Practice & Remedies Codes § 37.006.

85938. *See*, Exhibit "2" (Defendants' deposition testimony as to residence) attached hereto and incorporated by reference herein.

**Factual allegations**

7. This lawsuit is brought pursuant to Plaintiff's right to due process to have this Court declare its rights and possible duties pursuant to enforcement of the Defendants' sole administrative remedy under the Texas Workers' Compensation bar as the facts apply to this specific claim.

8. As alleged in the State Action, Guard 1 Services LLC provided security services to Anadarko Petroleum Corporation pursuant to a master service agreement. The master service agreement required that Guard 1 and Anadarko reciprocally provide both Workers Compensation and Commercial Liability coverage for injuries which arise at Anadarko's natural gas processing plant.[9] *See*, Exhibit "3" (the "Agreement") attached hereto and incorporated by reference herein. Guard 1 employed Rita Candelario, who claims she was injured while on the job.[10]

9. Pursuant to the Agreement, Anadarko and Guard 1 both provided Workers' Compensation coverage. *See*, *id.* Rita Candelario was covered for her alleged injuries under her Guard 1's Workers' Compensation coverage and continues to receive all benefits of that administrative remedy. Defendant initially sought recovery for liability against Guard 1, her

---

[9] In *Becon Const. Co., Inc. v. Alonso*, 2014 Tex. App. LEXIS 10765 (Tex. App.—Beaumont, Sept. 25, 2014), the court held that, in Texas, a general workplace insurance plan that binds a general contractor to provide workers' compensation insurance for its subcontractors and its subcontractors/employees achieves the legislature's objective with respect to work sites where multitiered relationships exist. The significance of this case is in the following language: "Interpreting the Workers' Compensation Act in a way that favors blanket coverage to all workers on a site aligns more closely with the legislature's decided bias for coverage." *Id.* The *Becon* court found that, collectively, the contracts contained an unambiguous expression that made it clear that all parties intended to create a general workplace insurance plan providing a single workers' compensation insurance policy covering all of their respective employees.

[10] Cristobal Candelario is Rita's husband who seeks compensation solely for derivative claims.

employer, but dismissed that claim (and party) when Guard 1 filed a Motion for Summary Judgment, essentially stipulating that recovery under the Workers Compensation policy bars such claim.[11]

10. Plaintiff Arch accepted a tender request for defense and indemnification by Anadarko under Guard 1's Commercial Liability Policy, under a reservation of rights. *See*, Exhibit "4" attached hereto and incorporated by reference herein.

11. Evidence in the underlying bodily injury case, including Defendants' testimony, documents that Anadarko oversaw and controlled Rita Candelario's work, trained her, provided safety and performance rules and directed her up to the moment of the occurrence at issue as to whether she should evacuate, where she should stay and what she must do, establishing that Defendant meets the criteria of "borrowed servant" of Anadarko (and that Anadarko would be her "dual employer") and Anadarko is entitled to the protection of the Workers' Compensation bar.[12]

12. Because Arch is the potential 3rd party payor on behalf of Anadarko pursuant to the CGL policy it provided to Guard 1, Plaintiff seeks a declaration as to the Agreement and performance thereunder as to its rights and duties, if any, if it is determined that, in the case at bar, Anadarko is a dual employer and Candelario is a borrowed servant such that the administrative remedy of Workers' Compensation bars Defendants' recovery against Anadarko as to their liability claims.

---

[11]The Texas Workers Compensation Act (TWCA) states that the recovery of worker's compensation benefits is the exclusive remedy of an employee covered by worker's compensation insurance coverage . . . against the employer . . . for . . . a work-related injury sustained by the employee. Tex. Lab. Code 408.001(a).

[12] **In certain circumstances**, an employee can have more than one employer within the meaning of the Texas Worker's Compensation Act, and each employer may raise the exclusive remedy provision as a bar to the employee's claims. *Western Steel Co., Inc. v. Altenburg*, 206 S.W.3d 121 at 123; *See Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 143, 148 (Tex. 2003); *see also Garza v. Exel Logistics, Inc*., 161 S.W.3d 473, 476 (Tex. 2005). [emphasis added]

**Legal claims**

13. Pursuant to Chapter 37.004, Texas Civil Practice and Remedies Code and Rule 57, Federal Rules of Civil Procedure, Plaintiff is an entity whose rights, status, or other legal relations are affected by a contract who may have a question of construction or validity arising under the contract determined and obtain a declaration of rights, status, or other legal relations thereunder. *Id.* Plaintiff is entitled to a declaratory judgment that establishes its right to a determination that, in the case at bar, Anadarko is a dual employer and Candelario is a borrowed servant[13] such that the administrative remedy of Workers' Compensation bars Defendants' recovery against Anadarko as to their liability claims.

14. This ancillary action for declaratory relief is the proper forum for such determination in that Plaintiff, an insurance carrier, is precluded from intervening in the underlying state action seeking recovery for alleged bodily injury[14], there exists no other forum

---

[13] Sometimes referred to as a "deemed employee." *See*, *e.g. TEX. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W. 3rd 591, 598 (TEX. 2000); *Phillips v. Am. Elastomer Prod., LLC*, 316 S.W. 3rd 181, 184 (TEX. APP. – Houston [14th dist.] 2010, pet. den'd).

[14] Texas is not a direct action state but an insurance carrier can bring a direct claim for a declaratory judgment. *See, e.g., Randy Durham v. Hallmark County Mutual Insurance Company*, No. 11-16-00183-CV, 2018 WL 3469257 (Tex. App.— Eastland, July 19, 2018). The availability of insurance coverage is generally inadmissible in a personal injury lawsuit under rule 411, Texas Rules of Evidence. The theory behind the rule of exclusion incorporated into rule 411 is that a jury is more apt to render a judgment against a defendant and for a larger amount if it knows that the defendant is protected by insurance. *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d *152 811, 813 (1945); *Barrington v. Duncan*, 140 Tex. 510, 169 S.W.2d 462, 465 (1943); *Kendrix v. Southern Pac. Transp. Co*., 907 S.W.2d 111, 113 (Tex.App.-Beaumont 1995, writ denied).

As stated in *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811, 813 (1945), the Supreme Court held:
> [W]e are persuaded by the fact that any testimony which is immaterial, and tends to becloud the issues and confuse and mislead the jury, is prejudicial in its effect. Such was the holding in *Barrington et al. v. Duncan*, 140 Tex. 510, 169 S.W.2d 462, and *Rojas v. Vuocolo*, 142 Tex. 152, 177 S.W.2d 962. It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. It is improper because such fact is irrelevant and immaterial, and is calculated to work injury. *Rojas et al. v. Vuocolo*, and cases there cited.

*Id.*; *see also State Farm Fire v. Taylor*, 832 S.W.2d 645 (Tex. App.—Fort Worth 1992), rehearing overruled 1992, writ denied).

for Arch to seek determination of its rights and possible duties under the Agreement, the determination is sought as to a written document (service agreement[15]), the parties to the underlying state action are improper parties to the declaratory judgment action (in which only Arch and the Defendants herein are the only parties that would be affected by the declaration), the declaration would not prejudice the rights of a person not a party to the proceeding and will terminate the controversy giving rise to the proceeding.  *See*, TCPRC § 37.006[16]; FRCP Rule 57.

15. This ancillary action is ripe for adjudication in that Arch is providing a defense to Anadarko which would not be incurred if Anadarko is entitled to protection under the Workers' Compensation bar[17] and the determination of the applicability of the Workers Compensation bar affects the jurisdiction of the state court in the bodily injury action in that, if the bar applies, the Defendants have failed to exhaust their administrative remedies and the underlying state court has no jurisdiction to hear the bodily injury claim.[18]

16. Plaintiff is entitled to recover reasonable and necessary attorneys' fees that are equitable and just under TEX. CIV. PRAC. & REM. CODE §37.009 as this is a claim seeking declaratory relief.

---

[15] And the Arch CGL policy at risk.

[16] Sec. 37.006. PARTIES. (a) When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding…

[17] Declaratory judgments can determine "duty to defend" claims. Because the duty to defend is a question of law, declaratory judgments are typically disposed of by summary judgment. The Texas Supreme Court has held that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend negate any possibility the insurer will ever have a duty to indemnify." *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

[18] The declaration sought is not advisory in nature: If the Court shall grant declaratory relief herein, the court with jurisdiction over the personal injury lawsuit would enforce same pursuant to T.C.P.R.C. §37.011, *to wit*: SUPPLEMENTAL RELIEF. Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application must be by petition to a court having jurisdiction to grant the relief. If the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith.  *Id.*

17. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## Prayer for Relief

18. Based upon the foregoing matters, Plaintiff Arch respectfully requests that this Court grant it the following relief:

a. assume jurisdiction over this declaratory judgment action;

b. issue a declaratory judgment that Rita Candelario is a borrowed servant of Anadarko;

c. issue a declaratory judgment that, for the specific facts set forth and to be shown herein, Anadarko is a dual employer of Rita Candelario such that the administrative remedy of Workers' Compensation bars Defendants' recovery therefrom as to their liability claims;

d. issue a declaratory judgment that Rita Candelario has not exhausted her administrative remedy under the Workers' Compensation statute and cannot bring a claim seeking recovery aside and apart therefrom from Anadarko;[19]

e. award Plaintiff Arch the costs incurred in bringing and prosecuting this action, and

f. grant Plaintiff Arch such other and further relief as may be necessary, appropriate, and equitable at law or in equity to which it may show itself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P.

BY: _____

MARY J. IBARRA-MYERS
State Bar No.: 10382936
5301 Southwest Parkway, Suite 460
Austin, Texas 78735
(512) 479-8400
(512) 479-8402
Email: MMyers@feesmith.com

**ATTORNEYS FOR PLAINTIFF**

---

[19] And thus, cannot recover from Plaintiff herein, Arch Insurance Company, as a liability insurer of Anadarko.