IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY, <br>    PLAINTIFF <br><br> V. <br><br><br> RITA CANDELARIO AND CRISTOBAL CANDELARIO <br>    DEFENDANTS | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-00036-DC-DF |

## DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF THIS COURT:**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12b(6), Defendants Rita Candelario and Cristobal Candelario move to dismiss Plaintiff Arch Insurance Company's Original Complaint for Declaratory Judgment, or in the alternative, ask this Court to abstain from exercising its jurisdiction over this declaratory judgment case, because Plaintiff Arch Insurance has failed to allege an "actual controversy" as required by the Declaratory Judgment Act or an existing "case or controversy" as required by the United States Constitution, and would respectfully show this Court as follows:

**I. RULE 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes this Court to dismiss any case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A

case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional authority to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When the Court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The Court may dismiss a complaint for lack of subject matter jurisdiction on any one of these three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *See Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020).

## II.     RULE 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff seeking federal declaratory relief must state sufficient facts to state a claim that satisfies the statutory "case or controversy" requirement. *See Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013).

When a party seeks to dismiss a declaratory judgment action under both Rule 12(b)(1) and Rule 12(b)(6), the Court must first determine whether the Court has

subject matter jurisdiction and decide whether the Rule 12(b)(1) motion should be granted. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937).

### A. The State Court Case.

Defendant Rita Candelario was an employee of Guard 1 Services, LLP, and provided security services at the Ramsey Natural Gas Processing Plant pursuant to a Master Services Contract between Guard 1 and Anadarko Petroleum Company. Orig. Complaint, Ex. 2. The Master Services Agreement provided that Guard 1 and its employees, like Defendant Rita Candelario, were independent contractors and should not be considered to be employees, agents, servants, or representatives of Anadarko. Orig. Complaint, Ex. 2, ¶ 9.

The plant was under the operational direction, control, and supervision of Western Gas Partners LP, d/b/a Delaware Basin Midstream, LLC. *See* Plf.'s 1st Am. Pet. at 4 (Orig. Complaint, Ex. 1). Andarko was in contractual and actual control of the work site in question. *Id.*

In December 2015, John Doe, an employee of either Anadarko or Western Gas, was attempting to transfer hazardous materials from a storage unit to a truck for transport when he discovered that a valve was frozen. To loosen the frozen valve, he used a diesel burner to apply heat to it. This started a fire and led to two major explosions. Plf.'s 1st Am. Pet. at 4 (Orig. Complaint, Ex. 1).

As a result of the second explosion, Rita Candelario, who was working at the plant that day, was catapulted into the air and then forcefully propelled onto the ground. She was seriously injured by this second blast. In October 2017, she and her husband, Cristobal Candelario, filed a personal injury suit in state court against Western Gas, Anadarko, and John Doe. *See Rita Candelario and Cristobal Candelario v. Western Gas Partners, LP d/b/a Delaware Basin Midstream, LLC, Andadarko Petroleum Corporation, and John Doe*, No. 17-10-22180-CVR; in the 143rd Judicial District Court of Reeves County, Texas. Western Gas, Anadarko, and John Doe filed answers, contending, among other things, that Rita Candelario was acting as their "borrowed servant" and that they were therefore entitled to assert the Workers' Compensation Bar against her claims. *See* Defs.' 2nd Am. Answer ¶ 19 (Tab A); TEX. LAB. CODE 408.001. The parties have been actively litigating the case in state court since October 2017.

B.   **The Federal Court Case.**

In May 2020, Arch Insurance Company filed this "ancillary action," seeking a declaration that Anadarko was the employer of Defendant Rita Candelario at the time of the explosions and was thus entitled to assert the Workers' Compensation Bar against Ms. Candelario's claims in state court. (Specifically, Arch Insurance seeks a federal declaration that Rita Candelario was a "borrowed servant" and acting as an Anadarko employee under the terms of the Master Service Contract and the

facts of the case—even though Arch Insurance is not a party to the Master Service Contract.)  In other words, Arch Insurance is asking this Court to step in and issue a federal declaration that one of Anadarko's defenses in the ongoing state-court action is meritorious and should bar Rita Candelario's state-law claims against Anadarko in state court.

Arch Insurance contends that it is entitled to this declaration because it issued a general liability policy to Guard 1 to satisfy the insurance requirements in the Master Service Contract and because Anadarko has demanded that Arch Insurance defend and indemnify it in the state-court action.  Arch Insurance maintains that it will be "directly affected" by the state-court determination regarding whether Rita Candelario is a "borrowed servant" of Anadarko under the Master Service Contract and the facts of the case at the time of the explosion.  Orig. Petition at 2. Arch Insurance is also seeking its costs and fees under Section 37.009 of the Texas Civil Practice & Remedies Code.

Arch Insurance is not seeking a coverage determination and does not explain how it will be "directly affected" by the requested determination.  Although the state-court action may require Arch Insurance to defend and indemnify Anadarko, it has not alleged an existing case or controversy against the Defendants, and as further explained below, this Court should grant this motion to dismiss in its entirety and dismiss the Original Complaint for Declaratory Relief.

## III.     ARGUMENT AND AUTHORITIES

Arch Insurance seeks a declaratory judgment under state and federal law.  *See* Orig. Petition at 6.  But under *Erie*, Arch Insurance cannot seek a declaration from a federal court under the Texas Declaratory Judgment Act, and Arch Insurance has wholly failed to allege an existing case or controversy sufficient to satisfy the federal Declaratory Judgment Act.

To begin, the Texas Declaratory Judgment Act does not apply in federal court.  In a diversity action like this one, federal courts apply substantive state law, but federal procedural rules.  *See Erie R. Co. v. Tompkins*, 304 U.S. 67, 78 (1938).  A declaratory judgment "is a procedural device and does not create a substantive cause of action."  *Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 482610, at *3 (N.D. Tex. Apr. 9, 2013).  Thus, the Texas Declaratory Judgment Act only applies in state court, *see Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), and any "request for declaratory judgment under state law is [treated by the federal courts] as a claim under the federal Declaratory Judgment Act."  *Bonilla v. Wells Fargo Bank, N.A.*, No. H-15-3412, 2016 WL 5661706, at *4 (S.D. Tex. Sept. 29, 2016).

The federal Declaratory Judgment Act provides:

> In a case or controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not relief is or could be sought. . . .

28 U.S.C. § 2201.

The statute gives federal courts substantial discretion in deciding whether to exercise their jurisdiction to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995). In deciding whether to dismiss or exercise its discretion over a declaratory action, the Court must follow a three-step inquiry.

First, the Court must determine whether it has jurisdiction over the declaratory action, i.e., whether a case or controversy exists between the parties. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Second, if the Court determines that it has jurisdiction, the Court must resolve whether it has "authority" to grant the requested declaratory relief. Third, the Court has to determine whether it should exercise its broad discretion to decide the declaratory judgment action. *Id.* Here, because Arch Insurance has failed to allege a case or controversy between the parties, the Court has no jurisdiction and should grant the Defendant's motion to dismiss pursuant to Rule 12(b)(1).

### A. The Court Should Dismiss Plaintiff's Claim for Declaratory Relief Pursuant to Rule 12(b)(1) Because Plaintiff Has Not Alleged a Case or Controversy as Required for a Federal Declaratory Judgment.

Federal courts are courts of limited jurisdiction and may only hear existing "cases" or "controversies." *See Shields v. Norton*, 289 F.3d 832, 834 (5th Cir. 2002). The Declaratory Judgments Act recognizes and incorporates the constitutional limit that federal courts may only exercise jurisdiction over "cases" or "controversies."

*See* 28 U.S.C. § 2201; *see also Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011).

A case or controversy exists "when the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The party seeking the declaratory judgment has the burden of establishing the existence of an actual controversy. *See Val-Com*, 421 F. App'x at 365.

There is no "case or controversy" presented here because there is no existing legal dispute between Plaintiff Arch Insurance and the Defendant Candelarios. Arch Insurance seeks a declaration regarding the employment status of Rita Candelario; however, the dispute regarding her employment status is actually between Anadarko and the Candelarios based on the terms of the Master Service Contract between Guard 1 and Anadarko and the facts surrounding the explosion that injured Ms. Candelario. Arch Insurance is not a party to the Master Service Contract and has failed to describe any legal interest that it possesses that is adverse to the interests of Defendants Rita and Cristobal Candelario. Arch Insurance is not seeking a coverage determination from the Court. And to the extent that Arch Insurance argues that it might one day have to pay a judgment to the Candelarios under the terms of its general liability policy covering Guard 1 if Ms. Candelario is not deemed to be a

"borrowed servant" or employee of Anadarko in state court, that is not an existing controversy between Plaintiff Arch Insurance and the Defendant Candelarios that is of sufficient immediacy and reality to warrant a declaratory judgment. *Maryland Cas. Co.*, 312 U.S. at 273.

> **B. The Court Should Dismiss Plaintiff's Claim for Declaratory Relief Pursuant to Rule 12(b)(6) Because the Court Lacks the Authority to Consider the Merits of the Declaratory Judgment Action.**

Assuming for purposes of this argument that the Court has subject-matter jurisdiction over this request for declaratory relief, the second inquiry in deciding whether the Court should dismiss or exercise its discretionary jurisdiction over this declaratory judgment action is whether the Court has the "authority" to grant the requested declaratory relief. The Court lacks the authority to consider the merits of this declaratory judgment action if: (1) the Candelarios have filed a lawsuit in state court; (2) the state court case involves the same issues as those in the federal court declaratory judgment action; and (3) the Court is prohibited from enjoining the state court proceeding under the Anti-Injunction Act, 28 U.S.C. § 2283. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 n.1 (5th Cir. 2003); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n Inc.*, 996 F.2d 774, 776 (5th Cir. 1993).

The Court should grant the Canderlarios' motion to dismiss pursuant to Rule 12(b)(6) because it does not have the authority to grant the declaratory relief sought in this case. The Candelarios filed suit in Texas state court in October 2017. In that

case, Anadarko claims that Rita Candelario was acting as its "borrowed servant" and that Anadarko is entitled to assert the Workers' Compensation Bar against her claims. *See* Defs.' 2nd Am. Answer ¶ 19 (Tab A). Thus, the state-court case involves the same issues as those presented in this federal declaratory judgment action. And finally, as explained below, the Court is prohibited from enjoining the pending state-court proceedings under the Anti-Injunction Act.

The Anti-Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283. In this case, no act of Congress expressly authorizes an injunction of the state-court proceedings, and a federal injunction is not necessary to aid this Court in exercising its jurisdiction or to protect or effectuate its judgments. Because the Court is prohibited from enjoining the state-court action under the Anti-Injunction Act, the Court should dismiss Arch Insurance's federal declaratory judgment action under Rule 12(b)(6). *See Wolfe*, 212 F.3d at 895.

### C.     The Court Should Not Exercise Its Discretionary Jurisdiction to Entertain Plaintiff's Claim for Declaratory Relief.

Again, assuming for purposes of argument that the Court has subject-matter jurisdiction over this request for declaratory relief, the third inquiry the Court must make is deciding whether it ***should*** exercise its discretionary jurisdiction over Arch Insurance's request for declaratory relief. *See Wolfe*, 212 F.3d at 895. In deciding

whether the Court should exercise its discretion to entertain or dismiss a request for declaratory relief, it must consider seven factors: (1) whether there is an existing state action in which all matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendants; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory judgment plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court will serve the purpose of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *See Sherwin-Williams*, 343 F.3d at 388; *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

There already exists a state-court action in which the matters at issue here will be fully litigated. Next, unsatisfied with the state court's jurisdiction over these issues, Arch Insurance clearly engaged in a form of forum-shopping by filing this lawsuit in federal court. And the federal lawsuit results in a multiplicity of lawsuits between additional parties, not in judicial economy. Although the Court is not an inconvenient forum for the parties and witnesses, the balance of these factors either weigh in favor of dismissing the case or simply do not apply. For these reasons, the

Court should grant this motion and dismiss Plaintiff Arch Insurance's claims for declaratory relief against the Defendant Candelarios.

### D. In Any Event, The Court Should Dismiss Arch Insurance's Claims for Attorney's Fees under Rule 12(b)(6).

The Court should dismiss Plaintiff Arch Insurance's claim for attorney's fees and costs. The Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988). Therefore, this Court must look to substantive state law for a basis to award attorney's fees.

Arch Insurance attempts to rely on Section 37.009 of the Texas Declaratory Judgments Act as a basis for awarding attorney's fees, *see* Orig. Complaint at 7-8, but Section 37.009 is purely a procedural statute and does not support a claim for attorney's fees in a federal Declaratory Judgment Act case as a matter of law. *See Utica Lloyd's of Texas*, 138 F.3d at 210. For this reason, the Court should dismiss Arch Insurance's claims for attorney's fees for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6).

## IV. RELIEF REQUESTED

Wherefore, premises considered, Defendants Rita and Cristobal Candelario pray this Court grant this motion and:

A.   refuse to exercise its jurisdiction over this declaratory judgment action;

B.    dismiss Plaintiff's requests for declaratory relief;

C.    dismiss Plaintiff's claims for costs and attorney's fees;

D.    grant all such other relief as Defendants may be entitled to receive in law or in equity.

Respectfully submitted,

By: */s/ Russell A. Murray*
**RUSSELL A. MURRAY**
State Bar No. 24062519
rmurray@lovettlawfirm.com
LOVETT LAW FIRM
619 Arizona Ave.
El Paso, Texas 79902
(915) 757-9999
(915) 595-4166 (facsimile)

**JAVIER L. HERRERA**
State Bar No. 24075498
Javier@herreralawfirm.com
HERRERA LAW FIRM, INC.
1800 W. Commerce St.
San Antonio, Texas 78207
(210) 224-1054
(210) 228-0887

**KIRK L. PITTARD**
State Bar No. 24010313
kpittard@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000
(214) 946-8433 (fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Mary J. Ibarra-Myers
Fee Smith Sharp & Vitullo, LLP
5301 Southwest Parkway, Ste. 460
Austin, TX 78735
(512) 479-8400
mmyers@feesmith.com

**COUNSEL FOR PLAINTIFF**

*/s/Russell A. Murray*
**RUSSELL A. MURRAY**