# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY, <br> PLAINTIFF <br><br> V. <br><br> RITA CANDELARIO AND CRISTOBAL CANDELARIO <br> DEFENDANTS | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-00036-DC-DF |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF THIS COURT:**

Defendants moved to dismiss Plaintiff Arch Insurance Company's Original Complaint for Declaratory Judgment because Plaintiff Arch Insurance has failed to allege an "actual controversy" or an "existing case or controversy" as required for the Court to exercise its subject matter jurisdiction under the federal Declaratory Judgment Act and the United States Constitution. In response, Arch largely fails to address Defendant's jurisdictional challenge, preferring instead to argue the merits of its claim for declaratory relief, *see, e.g.*, Resp. at 6-12, and to condemn defense counsel as unethical lawyers who are unable to properly characterize the facts or law. But once the Court reviews the applicable facts and case law, it should become clear that the Court should not exercise its jurisdiction over this suit.

I.  **The Declaration Sought by Arch in this Court Would Not Divest the State Court of Jurisdiction to Consider Defendants' Claims Against Anadarko.**

The jurisdictional argument in Arch's response to the motion to dismiss is predicated on the contention that if the Court were to rule that Anadarko was the "dual employer" of Ms. Candelario, then the "Candelarios have failed to exhaust their sole administrative remedy and the state court has no jurisdiction to hear the bodily injury case"—even though Anadarko itself now refuses to assert the workers' compensation bar. *See* Resp. at 13-16. And the argument continues, if the state court has no jurisdiction over the state-court case, then Arch would have no duty to pay to defend Anadarko in state court, which presents the "existing controversy" in this forum. *See* Resp. at 19-20. Arch's jurisdictional argument, however, is flawed.

To begin, in state court, the procedure for a defendant, like Anadarko, to assert the workers' compensation bar as a "dual employer" is to file an affirmative defense; it is not a jurisdictional challenge. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 630-31 (Tex. 1992); *Phillips v. Am. Elastomer Products, L.L.C.*, 316 S.W.3d 181, 186-87 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 619 (Tex. App.—Dallas 2006, no pet.); *University of Houston-Clear Lake v. Marsh*, 981 S.W.2d 912, 914 (Tex. App.—Houston [1st Dist.] 1998, no writ).[1] So even if Anadarko were willing to assert the workers'

---

[1] Indeed, in its response brief, Arch concedes that the application of the workers' compensation bar is an affirmative defense. Resp. at 17. And though Ms. Candelario's failure to exhaust her

compensation bar against the Candelarios' personal injury claims in state court, the suit against Anadarko would not be dismissed on jurisdictional grounds, and its reliance on the worker's compensation bar would not automatically "terminate the controversy" in state court as Arch argues. Rather, Anadarko would have to plead and prove that Ms. Candelario was its "borrowed servant," that she was entitled to recover workers' compensation benefits, and that it had worker's compensation insurance that covered her claims. *Id.* So regardless of the "borrowed servant" determination, Arch would still be required to defend Anadarko in state court. Arch's contention that it is providing a defense to Anadarko that it "has never had any obligation to fund," *see* Resp. at 2, is pure fiction. As a result, there is no actual dispute of "sufficient immediacy and reality" between Arch and the Candelarios to warrant declaratory relief.[2]

---

administrative remedies—like seeking worker's compensation benefits from her employer before the Texas Workforce Commission—would present a jurisdictional issue, *see Liberty Ins. Corp. v. Camero*, 360 S.W.3d 620, 622-23 (Tex. App.—Dallas 2011, no pet.), it is undisputed that Ms. Candelario did exhaust her administrative remedies against her primary employer, Guard 1, and is currently receiving worker's compensation benefits. No Texas cases suggest that a plaintiff would have to exhaust administrative remedies a second time against an alleged "dual employer."

[2] Arch maintains that the issuance of declaratory relief is not narrowly confined to situations in which the "actual controversy" between the parties having adverse legal interests is of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See* Resp. at 3. But that is exactly how the Supreme Court has defined "actual controversy." *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

## II. Arch Is Not Seeking a Declaration of Non-Coverage.

In its response, Arch correctly notes that an insurer may file a federal lawsuit against an injured, state-court litigant when seeking a declaration of noncoverage. *See* Resp. at 3-4 (citing numerous declaratory judgment cases in which the insurer sought a federal declaration of noncoverage). But Arch is not seeking a declaration of noncoverage under its insurance policy with Anadarko. Rather, Arch is seeking to assert, and get a ruling on, Anadarko's alleged affirmative defense against the Candelarios' claims in state court (because Anadarko now refuses to pursue that affirmative defense in state court).[3] And as explained above, that would not be a declaration of noncoverage; that would be a merits-based ruling on an issue of state law that would allegedly permit Arch to stop funding Anadarko's ongoing defense of the Candelario's claims in state court. That is not a proper use of the federal Declaratory Judgments Act, and Arch has not cited any court cases permitting such use.

---

[3] In its response to the motion to dismiss, Arch contends that Anadarko has "never submitted" the affirmative defense of the worker's compensation bar against the Candelario's claims in state court and "never will" and then attaches numerous exhibits to support its position. *See* Resp. at 17-19. Arch even accuses Defendants of misrepresenting this fact to the Court. *See id.* at 12-13. Although it is technically true that Anadarko has "never submitted" this affirmative defense to the state court or the jury, it is undisputed that Anadarko asserted the worker's compensation bar as a defense to the Candelario's claims in its second amended answer—which was the live pleading on file in the state-court action when Defendants filed their motion to dismiss. *See* Mot. to Dismiss, Tab A at ¶ 19. A week *after* Defendants filed their motion to dismiss in this Court, counsel for Anadarko amended its state-court answer and jettisoned its reliance on the worker's compensation bar. In any event, Anadarko's new-found refusal to assert the worker's compensation bar should have no bearing regarding whether the Court should exercise its jurisdiction.

## III. Arch Largely Fails to Address the Proper Test for Establishing Jurisdiction Under the Declaratory Judgments Act.

Arch next contends that it demonstrated federal jurisdiction under "all three prongs of the *Stratta* criteria." Resp. at 5-12. But *Stratta v. Roe*, 961 F.3d 340 (5th Cir. 2020), does not set forth the test for determining whether a plaintiff has alleged an "actual controversy" as required for a federal court to exercise its discretionary jurisdiction over a Declaratory Judgments Act case. *Stratta* simply outlines the three types of documents and evidence that may be reviewed by the Court when making a Rule 12(b)(1) ruling. *Stratta* is not even a Declaratory Judgments Act case.

The three-pronged test for determining whether an "actual controversy" exists between the parties as required for the Court to exercise its discretionary jurisdiction over a Declaratory Judgments Act case is set forth in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000): (1) whether the case is justiciable, *i.e.*, whether an actual case or controversy exists between the parties; (2) if the Court determines that it has jurisdiction, the Court must resolve whether it has "authority" to grant the requested declaratory relief; and (3) the Court has to determine whether it should exercise its discretion to decide the declaratory judgment action. Arch does not directly address these factors in its response.

As discussed above, there is no existing dispute between the Candelarios and Arch of any sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court. *See Maryland Cas.*, 312 U.S. at 273. But even assuming

the Court possessed jurisdiction, the Court has no "authority" to grant the requested relief. As more thoroughly explained in the motion to dismiss, a district court has no "authority" to consider the merits of the declaratory judgment claim when (1) the declaratory defendant has previously filed a cause of action in state court, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act. *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir.1993).

It is undisputed that the Candelarios previously filed suit in state court, and Arch admits in its response that the Anti-Injunction Act has no application here. *See* Resp. at 21-22. (Though it should be noted that counsel for Anadarko is cleverly in the process of asking the state court for a stay of all discovery pending resolution of this federal lawsuit.) And until last week, when Anadarko strategically amended its answer to omit reliance on the worker's compensation bar, the state case involved exactly the same issues as those presented in this case. The simple fact that Anadarko amended its answer in state court and dropped its purported reliance on the worker's compensation bar does not change the nature of the issues presented in the state-court case. The fact that Anadarko ***could still*** rely on the worker's compensation bar if it wanted to (but refuses to do so for some other strategic reasons) means that the state-court case still involves the "same issues" as those

presented here.  Anadarko should not be permitted to so collude with Arch—its insurance carrier and the party asserting the worker's compensation bar on its behalf—to make such an argument in federal court.  As a result, the Court has no "authority" under *Orix* to consider the merits of Arch's declaratory judgment claim.

Arch does briefly address the seven *Sherwin-Williams* or *Trejo* factors in its response, concluding that none of the seven factors would justify a decision by this Court to decline its "absolute jurisdiction" over this case.  *See* Resp. at 20-21.  But Arch is mistaken.

As explained in the motion to dismiss, the first factor for the Court to consider in deciding whether to exercise its discretionary jurisdiction over a case is whether there is an existing state court action in which all matters in controversy "may be fully litigated."  *See* Mot. to Dismiss at 11-13.  This first factor is of paramount consideration.  Indeed, declaratory relief may be denied by a federal court simply because of the existence of a pending state-court proceeding in which the matters in controversy in the federal lawsuit may be fully litigated.  *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).  Why?  Because federal courts should be loath to indulge in "gratuitous interference."  *See Wilton v. Seven Falls Co.*, 575 U.S. 277, 283 (1995); *Sherwin-Williams*, 343 F.3d at 390-91 ("[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same

issue is pending, generally the state court should decide the case and the federal court should exercise its discretion and dismiss the federal suit.").[4]

Arch's discussion of the first factor is conclusory at best, simply stating that "there is no pending state action in which the matters in controversy that are before this court may be fully litigated." But Anadarko's refusal to assert its affirmative defense in the state-court case does not mean that the issues presented here—*i.e.*, whether Anadarko would be entitled to assert the worker's compensation bar against the Candelarios' personal injury claims in state court—"could not be fully litigated" in state court. *See AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. A'ppx 316, 320 (5th Cir. 2006).

### IV. The Court Should Not Entertain Arch's Improper Request for Consideration of the Merits of Its Claim for Declaratory Relief.

Throughout its response, Arch repeatedly argues the merits of its claim, *i.e.*, that Ms. Candelario should be declared to be Anadarko's "borrowed servant" and that the state court is without jurisdiction to entertain her personal injury case given the procedural bar in the Texas Worker's Compensation Act. *See, e.g.*, Resp. at 6-

---

[4] The pending state-court action need not present "identical" parties or issues, so long as the state court could resolve the issues pending in the federal declaratory suit. *See Continental Ins. Co. v. Gifford-Hill & Co.*, No. 3:12-CV-0925-D, 2013 WL 1875930, at *3 (N.D. Tex. May 6, 2013). The Court must consider the extent of the similarity between the pending state-court action and the federal case before deciding which court is best suited to decide the issues presented. *See Sherwin-Williams*, 343 F.3d at 394 n.5.

12.[5] In support, Arch cherry-picks long, self-serving excerpts from the depositions of several fact witnesses to support that claim. Of course, that is not the proper inquiry presented by the motion to dismiss, and Defendants do not intend to attempt to refute all of Arch's factual allegations in this short reply brief. However, Defendants would have the Court keep in mind that the critical inquiry in determining whether Ms. Candelario was Anadarko's "borrowed servant" at the time of the accident is whether Anadarko was controlling Ms. Candelario's work as she provided security services at the plant on the day of the explosion; Arch presents no such evidence. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 143 (Tex. 2018).[6]

Arch spends the last three pages of its response curiously asking the Court to treat Defendants' motion to dismiss as motion for summary judgment so that the

---

[5] Similarly, citing *Becon Const. Co. v. Alonso*, 444 S.W.3d 824 (Tex. App.—Beaumont 2014, pet. denied), Arch argues that Anadarko is entitled to assert the worker's compensation bar against the Candelarios' claims in state court because, under the Master Services Contract, Anadarko enacted a "general workplace insurance plan," to provide worker's compensation insurance to Guard 1 and all of its employees working at the plant. *See* Resp. at 15-16. But again, this argument regarding the existence of insurance coverage by Anadarko under the Worker's Compensation Act is an inquiry into the merits of Anadarko's alleged affirmative defense to the claims asserted by the Candelarios in state court; it has no bearing on whether this Court can or should exercise its jurisdiction over the request for declaratory relief.

[6] Although Defendants have never alleged that the terms of the Master Services Contract are the "sole determinate" regarding Ms. Candelario's employment status (as Arch claims in its response), *see* Resp. at 13, the terms of the Contract are factors that must be considered by the Court in determining her employment status. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992). And as discussed in the motion to dismiss, the Master Services Contract provides that Guard 1 and its employees, like Ms. Candelario, are independent contractors and should not be considered to be employees, agents, servants, or representatives of Anadarko.

Court can consider "extrinsic evidence" that allegedly demonstrates that "a material fact exists" as to whether Anadarko was Ms. Candelario's "dual employer"—which would entitle Plaintiff to a declaration "that the Texas Worker's Compensation bar applies as the sole administrative remedy available to the Candelarios and that no defense nor indemnity has ever been or ever will be required for Anadarko." Resp. at 23-25. But whether a fact issue exists regarding the ultimate determination of Ms. Candelario's employment status is wholly irrelevant to whether the Court should exercise its jurisdiction over this case and is not the issue presented to the Court by Defendants' motion to dismiss. There is no cause for the Court to treat Defendants' motion to dismiss as a motion for summary judgment.[7]

---

[7] Arch also contends that the Defendants "improperly cite" *Mercantile National Bank v. Bradford Trust*, 850 F.2d 215, 218 (5th Cir. 1998), for the proposition that the Declaratory Judgments Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *See* Resp. at 22-23. Why? Because, according to Arch, the case also provides that federal courts retain the equitable authority to award fees in cases where an express exception to the American Rule is satisfied and where controlling substantive state law permits such awards. But Arch does not allege that an express exception to the American Rule applies, and as Defendants explained in the motion to dismiss, Texas law does not provide for the recovery of attorney's fees. *See* Mot. to Dismiss at 13. Although Arch asks the Court to treat its claims for attorney's fees as "premature" and reserve its ruling on the attorney's fees issue, there is no reason to do so.

Respectfully submitted,

By: */s/ Russell A. Murray*_____
**RUSSELL A. MURRAY**
State Bar No. 24062519
rmurray@lovettlawfirm.com
LOVETT LAW FIRM
619 Arizona Ave.
El Paso, Texas 79902
(915) 757-9999
(915) 595-4166 (facsimile)

**JAVIER L. HERRERA**
State Bar No. 24075498
Javier@herreralawfirm.com
HERRERA LAW FIRM, INC.
1800 W. Commerce St.
San Antonio, Texas 78207
(210) 224-1054
(210) 228-0887

**KIRK L. PITTARD**
State Bar No. 24010313
kpittard@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000
(214) 946-8433 (fax)

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Mary J. Ibarra-Myers
Fee Smith Sharp & Vitullo, LLP
5301 Southwest Parkway, Ste. 460
Austin, TX 78735
(512) 479-8400
mmyers@feesmith.com

**COUNSEL FOR PLAINTIFF**

*/s/Russell A. Murray*
**RUSSELL A. MURRAY**