IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY,<br>    *Plaintiff,* | §<br>§<br>§ | |
| vs. | § | PE:20-CV-00036-DC-DF |
| | § | |
| RITA CANDELARIO AND CRISTOBAL<br>CANDELARIO,<br>    *Defendants.* | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendants Rita Candelario and Cristobal Candelario's (collectively, "Defendants") Motion to Dismiss Plaintiff Arch Insurance Company's ("Plaintiff") Original Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 7). This case is before the U.S. Magistrate Judge by a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **DENIED IN PART** and **GRANTED IN PART**. (Doc. 7).

### I. INTRODUCTION

This declaratory judgment suit is an ancillary action to Cause No. 17-10-22180-CVR, styled *Rita and Cristobal Candelario v. Anadarko Petroleum Corporation, et. al.* filed in the 143rd Judicial District Court of Reeves County, Texas. (Doc. 1 at 1). Plaintiff seeks a declaration as to a contract—the Commercial General Liability policy ("CGL")—issued by Plaintiff to Guard 1 Services, LLC ("Guard 1") to satisfy the insurance requirements of a contract between Guard 1 and Anadarko Petroleum Corporation ("Anadarko"). *Id*. at 1–2. Anadarko contracted

with Guard 1 to provide security services at the Ramsey Natural Gas Processing Plant[1] ("Processing Plant") pursuant to a Master Service Agreement ("MSA"). (Doc. 7 at 3). The MSA "required that Guard 1 and Anadarko reciprocally provide both Workers Compensation and Commercial Liability coverage for injuries which arise at Anadarko's natural gas processing plant." (Doc. 1 at 4).

In December 2015, an explosion at the Processing Plant severely injured Defendant Rita Candelario (hereafter, "Rita Candelario"). (Doc. 7 at 3). In October 2017, Rita Candelario and her husband, Defendant Cristobal Candelario (hereafter, "Cristobal Candelario"), filed the aforementioned personal injury action in Reeves County, Texas against Western Gas, Anadarko, John Doe, and Guard 1. *Id*. at 4. Plaintiff contends all claims against Guard 1 were dismissed on a motion for summary judgment premised on the Texas Workers Compensation Bar ("TWCB"). *Id*. at 4–5. Plaintiff further asserts it "accepted a tender request for defense and indemnification by Anadarko under Guard 1's Commercial Liability Policy, under a reservation of rights." (Doc. 1 at 5) (citing Doc. 1-5).

On May 7, 2020, Plaintiff filed the instant suit seeking a declaratory judgment. *See id*. Because Plaintiff may be a 3rd party payor on behalf of Anadarko, "Plaintiff seeks a declaration as to the Agreement and performance thereunder as to its rights and duties, if any, if it is determined that, in the case at bar, Anadarko is a dual employer and [Rita] Candelario is a borrowed servant such that the administrative remedy of Workers' Compensation bars Defendants' recovery against Anadarko as to their liability claims." *Id*. On July 7, 2020, Defendant filed the instant Motion to Dismiss seeking dismissal of Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted,

---

[1] "The plant was under the operational direction, control, and supervision of Western Gas Partners LP, d/b/a Delaware Basin Midstream, LLC" and "Anadarko was in contractual and actual control of the worksite in question." (Doc. 7 at 3) (citing Plaintiff's First Amended Petition at 4).

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (*See* Doc. 7). Plaintiff filed a Response on July 7, 2020. (Doc. 9). On August 3, 2020, Defendants filed a Reply. (Doc. 12). Thereafter, with leave of the Court, Plaintiff filed a Sur Reply on August 10, 2020. (Doc. 14). Accordingly, this matter is ready for disposition.

## II. Legal Standard

1. **Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The courts possess only that power authorized by the Constitution and statutes of the United States. *Id.* (citations omitted). Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "[A]ll uncontroverted allegations in the complaint must be accepted as true." *Taylor v. Dam*, 244 F. Supp. 2d 747, 752 (S.D. Tex. 2003) (citations omitted). "Thus, unlike a motion to dismiss under Rule 12(b)(6), when examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court is entitled to consider disputed facts as well as undisputed facts in the record." *Id.* (citations omitted).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)); *Taylor*, 244 F. Supp. 2d at 752. In fact, "there is a presumption against subject

matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

2. **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Further, the court does not look beyond the face of the complaint to determine whether the plaintiff states a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When the well-pleaded facts are viewed in this light, dismissal is proper only where the plaintiff can prove no set of facts entitling him to relief. *Rankin v. Wichita Falls*, 762 F.2d 444, 446 (5th Cir. 1985). However, "plaintiffs must allege facts to support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011). The court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrar v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Likewise, threadbare recitals of a cause of action's elements supported by conclusory statements will not

survive a motion to dismiss. *Id*. Factual allegations must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

1. **Motion to Dismiss**

Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Doc. 7). The Fifth Circuit has created a three-pronged test for determining whether a district court should decide or dismiss a declaratory judgment suit wherein the district asks: "(1) whether the declaratory judgment action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise its discretion or dismiss the action." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). Defendants assert Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiff has purportedly "failed to allege an 'actual controversy' as required by the Declaratory Judgment Act or an existing 'case or controversy' as required by the United States Constitution." (Doc. 7 at 1). Defendants' 12(b)(6) Motion to Dismiss is premised on Plaintiff's purported failure to satisfy the second and third prongs of the Fifth Circuit's *Sherwin-Williams Co.* test. *Id*. at 10–14. The undersigned will address each prong in turn.

    **i. Justiciability**

28 U.S.C. § 2201(a) provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "However, the power to issue a declaratory judgment is limited to 'a case of actual controversy within [a court's] jurisdiction.'" *United Fin. Cas. Co. v. Spirit of the Lion, LLC*, No. 19-CV-7-DC, 2020

WL 5357380, at *2 (W.D. Tex. Mar. 13, 2020) (citing 28 U.S.C. § 2201(a)). Therefore, the Court must first determine whether the present declaratory judgment suit is within its jurisdiction and whether the suit presents a case of actual controversy.

"Federal courts have jurisdiction over cases arising under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000." *United Fin. Cas. Co.*, 2020 WL 5357380, at *2 (citing 28 U.S.C. § 1332). Here, neither party disputes that the Court has jurisdiction over the present suit pursuant to 28 U.S.C. § 1332. Plaintiff is a Missouri corporation with its principal place of business in New Jersey. (Doc. 1 at 3). Defendants are citizens of Arizona. *Id*. Further, the amount of controversy plead in Plaintiff's state court case is over $75,000. *Id*. n.7. Therefore, the undersigned concludes the Court has subject matter jurisdiction over this matter.

The undersigned must now decide whether the present declaratory judgment action presents a case or controversy. Determining whether a declaratory action is justiciable often "becomes a question of whether an 'actual controversy' exists between the parties to the action." *Orix*, 212 F.3d at 895 (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989)). Defendants assert there is no case or controversy between them and Plaintiff as the dispute over Rita Candelario's employment status is actually between Defendants and Anadarko based on the MSA between Guard 1 and Anadarko. (Doc. 7 at 9). Essentially, Defendants' argument is premised on the lack of privity of contract between Plaintiff and Defendants. *Id*. However, for at least the past eighty years, the United States Supreme Court has recognized "that the potential controversy between a state court plaintiff, who was injured by an insured, and the insurance company, who is attempting to deny coverage, presents a justiciable controversy that may be decided through a declaratory judgment." *United Fin. Cas. Co.*, 2020 WL 5357380, at *3

6

(citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. 1981)). Accordingly, the undersigned finds an actual controversy exists between Plaintiff and Defendants and therefore, that this matter is justiciable.

### ii. Authority

If a court finds it has jurisdiction over a matter due to the presence of a justiciable controversy, the court must next "resolve whether it has the 'authority' to grant declaratory relief in the case presented." *Orix*, 212 F.3d at 895 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). District courts lack authority to consider the merits of declaratory judgment actions when: "1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act." *Travelers*, 996 F.2d at 776 (emphasis in original).

First, Plaintiff is not a defendant in the underlying state court case, *Rita and Cristobal Candelario v. Anadarko Petroleum Corporation, et. al.*, filed in the 143rd Judicial District Court of Reeves County, Texas. (Doc. 1 at 1). Second, Defendants contend that in the state court action, "Anadarko claims that Rita Candelario was acting as its 'borrowed servant' and that Anadarko is entitled to assert the Workers' Compensation bar against her claims" and that therefore, "the state-court case involves the same issues as those presented in this federal declaratory judgment action." (Doc. 7 at 11). However, Defendants have failed to provide any evidence to bolster this assertion. Conversely, Plaintiff argues that this Court is the only avenue for Plaintiff to pursue relief as Anadarko has allegedly refused to raise the issue of Rita Candelario's employment status as a defense in the state court action. (Doc. 9 at 23 –25). In

support, Plaintiff has provided affidavits from an Anadarko corporate representative and the attorney representing Anadarko in state court. (*See* Docs. 9-11, 9-12). Therefore, the undersigned finds that this declaratory judgment action raises different issues than the underlying state court case. Finally, both parties concede that neither party is seeking to enjoin the state court action. (*See* Docs. 9 at 27–28; 12 at 6). Accordingly, the undersigned finds that this Court has the requisite authority to grant declaratory relief in the case presented.

### iii. Exercise of Discretion

Finally, a district court presented with a declaratory judgment action must decide whether to exercise its discretion or dismiss the action. *See Orix*, 212 F.3d at 895. Courts are to evaluate seven, nonexclusive factors in considering whether to decide or dismiss a declaratory action. *See Sherwin-Williams Co.*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). Those factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id*. (citing *Trejo*, 39 F.3d at 590–91). The undersigned will address each in turn.

### 1) Full Litigation of All Matters in Pending State Action

"The first *Trejo* factor, whether there is a pending state action in which all the matters in the controversy may be litigated, requires the court to examine comity and efficiency." *Sherwin-Williams Co.*, 343 F.3d at 391. As noted above, Plaintiff is not a party to the underlying state court lawsuit and the state court lawsuit and present declaratory judgment action involve different issues. Furthermore, Plaintiff has demonstrated Anadarko's refusal to litigate the present issue in state court, therefore it is virtually impossible for the issue of policy coverage to be fully litigated in the pending state action. Accordingly, the undersigned finds there is not a pending state action in which all matters raised in the present declaratory judgment may be litigated and this factor weighs against dismissal.

### 2) Declaratory Judgment Filed in Anticipation of Litigation

"The second factor requires the Court to consider whether the declaratory judgment action was improperly filed in anticipation of a lawsuit by a defendant in the declaratory judgment suit." *United Fin. Cas. Co.*, 2020 WL 5357380, at *4 (citing *Trejo*, 39 F.3d at 590–91). Here, the timeline of events and concessions by both parties indicate the present declaratory judgment action was *not* filed in anticipation of litigation. The state court case was filed in 2017 and the present declaratory judgment action was not filed until 2020. Therefore, the undersigned finds this factor also weighs against dismissal.

### 3) Forum Shopping by Plaintiff

The third *Trejo* factor, whether the plaintiff is engaging in forum shopping, analyzes "whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams Co.*, 343 F.3d at 391. Defendants contend the existing state court litigation provides a forum wherein the issues can be fully litigated. (Doc. 7 at 12). Conversely, Plaintiff argues this Court is the *only* forum in which Plaintiff can bring this

suit as Texas does not allow insurance companies to intervene in bodily injury suits and Anadarko has refused to raise the issue of Rita Candelario's employment status in the state court litigation. (Docs. 1 at 6; 9 at 23–25). Therefore, the undersigned finds that due to Anadarko's refusal to raise the issues presented in this declaratory judgment in the state court suit—where Plaintiff cannot, as a matter of law, intervene—Plaintiff is not engaged in forum shopping. Accordingly, this factor weighs against dismissal.

### 4) Possible Inequities

"The fourth factor asks 'whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist.'" *United Fin. Cas. Co.*, 2020 WL 5357380, at *5 (citing *Trejo*, 39 F.3d at 591). The Fifth Circuit has noted that where there is no parallel state court proceeding involving the same issue as the declaratory judgment action, a plaintiff does not inequitably gain precedence in time or change a previously selected forum for the declaration sought. *See AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 321 (5th Cir. 2006). Here, there is no parallel state court proceeding involving the same issue as the declaratory judgment action. Accordingly, this factor also weighs against dismissal.

### 5) Convenient Forum

The fifth *Trejo* factor asks "whether the federal court is a convenient forum for the parties and witnesses." *Sherwin-Williams Co.*, 343 F.3d at 391. Defendants concede "the Court is not an inconvenient forum for the parties and witnesses[.]" (Doc. 7 at 12). Plaintiff does not challenge the forum either and notes that this is the venue of the occurrence that precipitated the state court action. (Doc. 9 at 27). As neither party challenges whether this Court is a convenient forum for the declaratory judgment action, the undersigned finds this factor weighs against dismissal.

### 6) Judicial Economy

The sixth *Trejo* factor examines whether keeping the declaratory judgment action in federal court serves the purposes of judicial economy. *See Sherwin-Williams Co.*, 343 F.3d at 391. Defendants argue that the mere existence of lawsuits in both state and federal court negates any judicial economy. (Doc. 7 at 12). "The Fifth Circuit has held that when there is no parallel action 'judicial economy is not contravened by retaining the action because no other proceeding is able to consider the coverage dispute.'" *United Fin. Cas. Co.*, 2020 WL 5357380, at *5 (citing *Day*, 162 F. App'x at 321). As noted above, there is no parallel state action. Accordingly, the undersigned finds this factor weighs against dismissal.

### 7) Risk of Inconsistent Rulings

Finally, the seventh *Trejo* factor asks "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Sherwin-Williams Co.*, 343 F.3d at 391. As has been reiterated throughout this Report and Recommendation, there is no parallel action involving the same issue presently before the Court. Accordingly, "[t]here is no need to construe a state judicial decree to resolve the issues in this case[,]" and the undersigned finds this factor similarly weighs against dismissal. *United Fin. Cas. Co.*, 2020 WL 5357380, at *5 (citing *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 167 (5th Cir. 2015)).

Therefore, all seven *Trejo* factors weigh against dismissal of the present declaratory judgment action.

### 2. Attorney Fees

Defendants further seek dismissal of Plaintiff's claim for attorney fees. (Doc. 7 at 13). Plaintiff claims attorney fees "that are equitable and just under [Texas Civil Practice & Remedies Code] § 37.009." (Doc. 1 at 7). However, as noted by the Fifth Circuit and recently affirmed by

this Court, "[§] 37.009 . . . does not apply in diversity cases in federal court." *Angiel v. Allstate Fire & Cas. Ins. Co.*, No. SA:18-CA-1285-FB-HJB, 2020 WL 4192263, at *4 (W.D. Tex. Jan. 31, 2020); *see also Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Accordingly, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claim for attorney fees. (Doc. 7 at 13).

## IV. RECOMMENDATION

For the foregoing reasons the undersigned **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED IN PART** and **GRANTED IN PART**. (Doc. 7).

SIGNED this 4th day of January, 2021.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**Instructions for Service and Right to Appeal/Object**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate

Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).