IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **ARCH INSURANCE COMPANY,** *Plaintiff*, | § § § | |
| v. | § § | P:20-CV-00036-DC |
| **RITA CANDELARIO and CRISTOBAL CANDELARIO,** *Defendants*. | § § § § | |

## ORDER REJECTING IN PART REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge David B. Fannin's Report and Recommendation (R&R) filed in the above-captioned case on January 4, 2021, in connection with the Corrected Motion to Dismiss (Motion to Dismiss) filed by Defendants Rita Candelario (Mrs. Candelario) and Cristobal Candelario (Mr. Candelario) (together, Defendants). (Docs. 7, 15). Also before the Court are the Response, Reply, and Sur-reply filed in relation to Defendants' Motion to Dismiss and Defendants' Objection to the R&R. (Docs. 9, 12, 14, 16). After due consideration, the Court **SUSTAINS** Defendants' Objection and **ADOPTS IN PART** and **REJECTS IN PART** the R&R. (Docs. 15, 16). Accordingly, Defendants' Motion to Dismiss is **GRANTED**. (Doc. 7).

### I. BACKGROUND

Plaintiff Arch Insurance Company's (Plaintiff) Complaint for Declaratory Judgment[1] alleges the following:

Guard 1 Services LLC (Guard 1) provided security services to Anadarko Petroleum Corporation (Anadarko) under a Master Service Agreement (MSA). The MSA required Guard 1 and Anadarko to reciprocally provide workers' compensation and commercial general liability

---
1. (Doc. 1 at 4–5).

coverage for injuries that arise at Anadarko's natural gas processing plant. Guard 1 employed Mrs. Candelario to work at Anadarko's processing plant.

Mrs. Candelario was injured while working at Anadarko's natural gas processing plant as a result of an explosion. Her injuries were allegedly covered under Guard 1's workers' compensation policy and she received, and continues to receive, all workers' compensation benefits under that policy.

Mrs. Candelario later sought to hold liable for her injuries Guard 1, John Doe,[2] Anadarko, and Western Gas in a civil action pending in the 143rd Judicial District Court of Reeves County, Texas. When Guard 1 filed a motion for summary judgment in the state court action, Mrs. Candelario dismissed her claim against Guard 1.

Plaintiff accepted a request for defense and indemnification of the underlying lawsuit by Anadarko pursuant to Guard 1's commercial general liability policy, under a reservation of rights.

According to Plaintiff, discovery in the underlying lawsuit indicates Mrs. Candelario meets the criteria of a "borrowed servant" of Anadarko under the MSA, meaning Anadarko was Mrs. Candelario's dual employer, and Anadarko is entitled to the protection of the workers' compensation bar.[3]

Based on its status as a potential third-party payor on behalf of Anadarko under the commercial general liability policy provided to Guard 1, Plaintiff seeks a declaration:

> as to the [MSA] and performance thereunder as to its rights and duties, if any, if it is determined that, in the case at bar, Anadarko

---

2. John Doe is an employee of either Anadarko or Western Gas Partners LP, d/b/a Delaware Basin Midstream, LLC (Western Gas) who purportedly caused the explosion that resulted in Mrs. Candelario's injuries. (Doc. 7 at 3).

3. "The Texas Labor Code provides that: 'Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.'" *See Oklahoma Sur. Co. v. Williams*, 483 F. Supp. 2d 541, 550 (W.D. Tex. 2006) (citing Tex. Lab. Code Ann. § 408.001(a)).

> is a dual employer and [Mrs.] Candelario is a borrowed servant
> such that the administrative remedy of [w]orkers' [c]ompensation
> bars Defendants' recovery against Anadarko as to their liability
> claims.

Defendants filed the instant Motion to Dismiss on July 7, 2020. (Doc. 7). The parties fully briefed the issues presented therein by August 10, 2020. (Docs. 9, 12, 14). On January 4, 2021, the Magistrate Judge issued an R&R.

The R&R finds an actual controversy exists between Plaintiff and Defendants and therefore, the matter presented to the Court is justiciable, that this Court has the requisite authority to grant declaratory relief in this case, and that all seven *Trejo* factors weigh against the dismissal of the instant lawsuit. (Doc. 15 at 5–11). Accordingly, the Magistrate Judge recommends denying in part Defendants' Motion to Dismiss. *Id.* at 12. Additionally, the Magistrate Judge finds attorney fees under Texas Civil Practice and Remedies Code § 37.009 are not warranted in this case and recommends granting Defendants' Motion to Dismiss as it relates to Plaintiff's request for attorney fees. *Id.*

Defendants' Objection only challenges the Magistrate Judge's finding that there is a substantial controversy between Plaintiff and Defendants and recommendation that the Court deny in part Defendants' Motion to Dismiss. (Doc. 16).

## II. LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Failure to file written objections to the R&R within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district court of the proposed findings and recommendations. *Id.* Moreover, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual

findings and legal conclusions accepted by the district court to which no objections were filed. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

### III. DISCUSSION

In deciding whether to dismiss a declaratory judgment suit, "[a] federal district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise its discretion or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). A declaratory judgment action is ripe and therefore justiciable if there is an "actual controversy" between the parties. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *see also* 28 U.S.C. § 2201(a) (limiting the power to issue a declaratory judgment to "a case of actual controversy within [a court's] jurisdiction").

Under 28 U.S.C. § 2201(a), federal courts are authorized to "declare the rights and other legal relations of any interested party seeking such declaration." However, the power to issue a declaratory judgment is limited to "a case of actual controversy within [a court's] jurisdiction." 28 U.S.C. § 2201(a). Here, Defendants challenge the Magistrate Judge's findings as to the justiciability of this case. (Doc. 16). Specifically, Defendants contend Plaintiff's Complaint for Declaratory Judgment does not present an actual controversy between the parties. *See generally id.* Accordingly, Defendants triggered de novo review as to that issue. *Id.*

A declaratory action is justiciable if an actual controversy exists. *Shields*, 289 F.3d at 835. There is an actual controversy "where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* (quoting *Orix*, 212 F.3d at 896). Whether an actual controversy exists is determined on an ad hoc basis, but a "specific and

4

concrete" threat of litigation can establish a justiciable controversy. *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 924 (5th Cir. 2017). Courts "look to the practical likelihood that a controversy will become real." *Shields*, 289 F.3d at 835. Longstanding precedent demonstrates that the potential controversy between a state court plaintiff, who was injured by an insured, and the insurance company, who is attempting to deny coverage, presents a justiciable controversy that may be decided through a declaratory judgment. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941); *Cent. Sur. & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939) ("The interest of [the injured parties] in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial though not immediate. They ought to be retained as parties to be heard on it and to be bound by the result."); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B Sept. 1981) ("In a declaratory judgment action brought by an insurer to determine coverage under a liability policy, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer [were] contingent upon recovery of a judgment against the insured.").

Here, Plaintiff, who is not a party to the underlying litigation, asks the Court to interpret the MSA executed by Anadarko and Guard 1. (Doc. 1, 7). Specifically, Plaintiff asks the Court to declare that Mrs. Candelario was a "borrowed employee" under the MSA, that Anadarko was Mrs. Candelario's dual employer, and that Mrs. Candelario has not exhausted her administrative remedies under the workers' compensation statute. (*See* Doc. 1). Although such a declaration from this Court would also affect whether Plaintiff must defend and indemnify Anadarko, the Court fails to see how this action is similar to cases in which an insurance company seeks a declaratory judgment that the insurance policy it issued does not provide coverage for the

damages sustained by a state court plaintiff who was injured by the insured. Those cases typically require courts to interpret the insurance policy issued by the insurance company to the insured. *See, e.g.*, *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941) (holding the insurer established a case and controversy between itself and the state court plaintiff, who sued the insured in state court, where the insurer asked the court to interpret the policy it issued to the insured); *United Fin. Cas. Co. v. Spirit of the Lion, LLC*, 19-CV-7-DC, 2020 WL 5357380, at *5 (W.D. Tex. Mar. 13, 2020) (asking this Court to interpret the relevant insurance policy to determine the scope of coverage while the state court determines liability). More importantly, those cases request a determination as to whether the policy in question provides coverage for the injuries sustained by a third party. Here, the Court is asked to interpret the MSA between Anadarko and Guard 1, neither of whom are parties to this lawsuit, in order to determine Mrs. Candelario's employment status with Anadarko. (*See* Doc. 1). If the Court were to issue the declaratory judgment sought in this case, the judgment would determine Mrs. Candelario's relationship with Anadarko and whether Defendants may recover from Anadarko. It would not, the Court finds, determine coverage under the policy issued by Plaintiff.

Plaintiff fails to provide this Court with persuasive authority to support the conclusion that a case and controversy exists between Plaintiff and Defendants.[4] Accordingly, the Court rules Plaintiff's declaratory judgment action does not present a justiciable controversy between Plaintiff and Defendants.

---

4. The Court notes that the cases cited by Plaintiff in relation to the "justiciability" issue are not similar to the case at bar. *See, e.g.*, *Progressive Am. Ins. Co. v. Steele*, 15 F. Supp. 3d 1240 (M.D. Fla. 2014) (seeking a declaratory judgment against the insured, the "excluded driver," and the injured third-party that the policy in question did not provide injury liability coverage to the insured or the excluded driver, that the insurance company had no duty to indemnify the insured or the excluded driver for damages sustained by the injured third-party, and that if the third-party filed a separate action as a result of the accident, the insurance company had no duty to defend the insured or the excluded driver in that action).

Finally, the parties do not object to the Magistrate Judge's conclusion that Plaintiff is not entitled to attorney fees under the Texas Civil Practice and Remedies Code or recommendation that the Court grant Defendants' Motion to Dismiss as to that issue. The Court finds the Magistrate Judge's ruling on attorney fees is neither clearly erroneous nor contrary to law.

### IV.  CONCLUSION

Based on the foregoing, the Court **SUSTAINS** Defendants' Objection to the R&R (Doc. 16) and **ADOPTS IN PART** and **REJECTS IN PART** the R&R (Doc. 15). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. 7).

It is so **ORDERED**.

SIGNED this 29th day of January, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE